BARNES, Judge,
concurring.
I concur with the majority that the award of attorney fees be reversed. I do so with some hesitation, though, because I believe that trial by ambush and rabbit-out-of-the-hat moments are not to be favored in our courtrooms.
*316 I admit that exhausting, sometimes tedious discovery is the norm in today’s litigation. It is preferable that both sides fully disclose their evidence. Nothing GEICO did here violated any of our procedural rules, however. The trial court agreed with GEICO’s attorneys that they had no duty under those rules to disclose the information they found. It is hard to find “bad faith” under such circumstances, although I would not say it is necessarily impossible to find “bad faith” just because a party has technically complied with the discovery provisions of the Indiana Trial Rules.
Whether or not I am put off by the conduct here is not the question. Was this conduct over the ethical line? I come to the conclusion that it was not. The information here was publically available to anyone who would search it out. Most crucially, it was well-known to the O’Maili-as themselves, but they apparently failed to tell their own attorneys about James’s legal troubles near the time of the accident. James’s responses to the cross-examination questions were ones that legitimately triggered the impeaching question based on that information. Given these facts, I reluctantly vote to concur.